Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
AYESHA MAYAGOITIA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

AYESHA MAYAGOITIA,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and THE BANK OF MISSOURI,

    Defendants.

**Case No.:**

**PLAINTIFF'S COMPLAINT**

Plaintiff, AYESHA MAYAGOITIA ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), TRANS UNION LLC ("TransUnion"), EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") and THE BANK OF MISSOURI ("Bank of Missouri") (collectively "Defendants"):

1

## INTRODUCTION

1. Counts I through IV of Plaintiff's Complaint are based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and Regulation V, 12 C.F.R. part 1022.

2. Count V of Plaintiff's Complaint is based on the Fair Credit Billing Act ("FCBA") (part of the Truth in Lending Act), 15 U.S.C. § 1666 and Regulation Z, 12 C.F.R. part 1026.

3. Count VI of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

4. This court has jurisdiction under the FCRA, 15 U.S.C. § 1681, *et seq.*, FCBA, 16 U.S.C. § 1666, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

5. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Murrieta, Riverside County, California.

8. Plaintiff is a "consumer" as that term is defined by the FCRA.

9. Plaintiff is an "obligor" as that term is defined by the FCBA.

10. Plaintiff is a "debtor" as that term is defined by the RFDCPA.

11. Equifax is a credit bureau that does business in Riverside County, State of California and has a principal place of business located in Atlanta, Georgia.

12. TransUnion is a credit bureau that does business in Riverside County, State of California and has a principal place of business located in Chicago, Illinois.

13. Experian is a credit bureau that does business in Riverside County, State of California and has a principal place of business located in Allen, Texas.

14. Equifax, Experian, and TransUnion are each a "consumer reporting agency" as that term is defined by § 1681a(f) of the FCRA.

15. Bank of Missouri is a Missouri-chartered bank that does business in Riverside County, State of California and is headquartered in Perryville, Missouri.

16. Bank of Missouri is a "furnisher" as that term is defined by the FCRA and Regulation V, 12 C.F.R. § 1022.41(c).

17. Bank of Missouri is a "creditor" as that term is defined by the FCBA.

18. Bank of Missouri is a "debt collector" as that term is defined by the

RFDCPA.

19. Equifax, Experian, TransUnion, and Bank of Missouri are each a "person" as that term is defined by § 1681a(b) of the FCRA.

20. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. Bank of Missouri is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid Fortiva Mastercard credit card account (partial account no. 5427-84XX-XXXX-XXXX) ("Account").

22. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

23. On or about May 18, 2021, Plaintiff made a payment of $1,314.59 to Bank of Missouri on the Account, which was deducted from Plaintiff's personal checking account.

24. On or about May 28, 2021, the $1,314.59 payment was reversed by Bank of Missouri as a charge of $1,314.59 to Plaintiff's account—but was not actually refunded to Plaintiff.

25. On or about July 3, 2021, Bank of Missouri processed an erroneous duplicate charge of $1,314.59 to the Account.

26. On or about July 23, 2021, Bank of Missouri applied a credit of $1,314.59 to the Account.

27. As a result of the foregoing string of transactions, Plaintiff's May 18, 2021 payment of $1,314.59 was neither applied to her Account balance nor otherwise refunded to Plaintiff.

28. Plaintiff's resulting Account balance is inaccurate because of the foregoing errors and at least $1,314.59 more than it should be.

29. Bank of Missouri furnishes a tradeline ("Tradeline") for the Account to TransUnion, Equifax, and Experian.

30. On or about March 4, 2022, Plaintiff sent a written dispute to TransUnion, Equifax, and Experian, which they received, informing them of the inaccurate reporting of the Tradeline.

31. Plaintiff's written dispute explained to TransUnion, Equifax, and Experian that the Tradeline was inaccurate because of the billing errors described above.

32. Plaintiff requested that TransUnion, Equifax, and Experian correct the inaccuracy to the Tradeline.

33. As a result of receiving Plaintiff's above-referenced dispute, TransUnion, Equifax, and Experian also contacted Bank of Missouri and gave it notice of Plaintiff's disputes.

34. Despite receiving Plaintiff's written dispute of the Account balance, TransUnion

continues to inaccurately report the Tradeline.

35. Despite receiving Plaintiff's written dispute of the Account balance, Equifax continues to inaccurately report the Tradeline.

36. Despite receiving Plaintiff's written dispute of the Account balance, Experian continues to inaccurately report the Tradeline.

37. Despite its billing errors with regard to the Account, and receiving Plaintiff's dispute drawing attention to them, Bank of Missouri continues to furnish to its co-defendants, inaccurate information regarding the Tradeline.

38. The Tradeline reported by TransUnion, Equifax, and Experian is inaccurate, incomplete, or unable to be verified.

39. The Tradeline furnished by Bank of Missouri to TransUnion, Equifax, and Experian is inaccurate and/or incomplete.

40. Bank of Missouri furnished information that it knew or had reasonable cause to believe was inaccurate.

41. Despite Plaintiff's above-referenced written dispute, Bank of Missouri failed to correct the inaccurate and/or incomplete information it was furnishing to the consumer reporting agencies.

42. Despite Plaintiff's efforts to date, TransUnion, Equifax, and Experian have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as

required by the FCRA, have failed to remove the inaccurate and/or incomplete information, and have continued to report the derogatory inaccurate and/or incomplete and/or unverifiable information about Plaintiff.

43. TransUnion, Equifax, and Experian have deliberately, willfully, intentionally, recklessly and negligently failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

44. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

45. The consumer reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

46. As a result of Defendants' acts and/or omissions Plaintiff has suffered concrete, particularized real harm, including but not limited to, lost credit opportunities and the time, expense, and frustration of communicating with Defendants to correct the inaccurate information on her consumer reports.

47. Defendants' above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

48. The conduct of the Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff.

## COUNT I
## DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT

49. Plaintiff repeats and re-alleges paragraphs 1-48 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

50. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

   e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

51. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are

outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, AYESHA MAYAGOITIA, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for the following:

    a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT TRANS UNION, LLC THE FAIR CREDIT REPORTING ACT

52. Plaintiff repeats and re-alleges paragraphs 1-48 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

53. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

   e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

54. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, AYESHA MAYAGOITIA, respectfully requests judgment be entered against Defendant, TRANS UNION, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

## COUNT III:
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT

55. Plaintiff repeats and realleges paragraphs 1-48 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

56. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian is liable to Plaintiff for engaging in the following conduct:

a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

57. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, AYESHA MAYAGOITIA, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

    a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c.  Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d.  Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e.  Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## DEFENDANT BANK OF MISSOURI VIOLATED THE FAIR CREDIT REPORTING ACT

58. Plaintiff repeats and re-alleges paragraphs 1-48 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

59. Bank of Missouri violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    a.  Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Bank of Missouri;

    b.  Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    c.  Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    d.  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

    e.  Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the

information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

60. Bank of Missouri's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Bank of Missouri is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, AYESHA MAYAGOITIA, respectfully requests judgment be entered against Defendant, THE BANK OF MISSOURI, for the following:

   a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

   e. Any other relief that this Honorable Court deems appropriate.

# COUNT V
## DEFENDANT BANK OF MISOURI VIOLATED THE FAIR CREDIT BILLING ACT

61. Plaintiff repeats and re-alleges paragraphs 1-48 of Plaintiff's Complaint as the allegations in Count V of Plaintiff's Complaint.

62. Within sixty (60) days after transmission of the statements documenting the above-referenced string of transactions, in addition to the dispute referenced above, Plaintiff sent a notice disputing the charges to Bank of Missouri.

63. Bank of Missouri did not, within two (2) complete billing cycles after receipt of the notice, either correct the error and transmit to Plaintiff a notification of the corrections or investigate the error and send Plaintiff a written explanation.

64. Despite its receipt of Plaintiff's billing error notice, and before meeting the requirements of 15 U.S.C. § 1666 to either correct the error or investigate and send an explanation of the charges, Bank of Missouri continued to attempt the inaccurate balance from Plaintiff.

65. Bank of Missouri's actions caused Plaintiff actual damages, as described above.

66. Bank of Missouri's actions were part of a pattern or practice of failure to comply with its obligations under the Fair Credit Billing Act.

WHEREFORE, Plaintiff, AYESHA MAYAGOITIA, respectfully requests judgment be entered against Defendant, THE BANK OF MISSOURI, for the following:

67. All actual compensatory damages;

68. Statutory damages in the amount of double the finance charge, pursuant to 15 U.S.C. § 1640(a)(2), with a minimum award of $500.00 and a maximum award of $5,000.00, or such higher amount as may be appropriate in light of the Defendant's pattern or practice of noncompliance;

69. Pursuant to 15 U.S.C. § 1666(e), an order requiring Bank of Missouri to forfeit any right to collect the first $50.00 of the disputed amount and any finance charges thereon from Plaintiff;

70. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. 1640(a)(3); and

71. Any other relief that this Honorable Court deems appropriate.

## COUNT VI
## DEFENDANT THE BANK OF MISSOURI VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

72. Plaintiff repeats and re-alleges paragraphs 1-48 of Plaintiff's Complaint as the allegations in Count VI of Plaintiff's Complaint.

73. Bank of Missouri violated the RFDCPA based on, at least, the following:

   a. Bank of Missouri also violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.*, as incorporated by the RFDCPA:

      i. Bank of Missouri violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Bank of Missouri attempted to collect an incorrect balance

        from Plaintiff;

    ii.    Bank of Missouri violated § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed when Bank of Missouri furnished false information about the Account to the credit bureaus; and

    iii.    Bank of Missouri violated § 1692f(1) of the FDCPA by its attempted collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law when Bank of Missouri attempted to collect a balance from Plaintiff that Plaintiff does not owe.

WHEREFORE, Plaintiff, AYESHA MAYAGOITIA, respectfully requests judgment be entered against Defendant, THE BANK OF MISSOURI, for the following:

74. Actual damages to be determined at trial;

75. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

76. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

77. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

78. Any other relief that this Honorable Court deems appropriate.

                                                   Respectfully submitted,
DATED: January 20, 2023     AGRUSS LAW FIRM, LLC

                                                 By: /s/ Michael S. Agruss
                                                    Michael S. Agruss
                                                    Attorney for Plaintiff
                                                    AYESHA MAYAGOITIA